86

THE STATE, EX REL. GILLA, APPELLANT, *v.* FELLERHOFF,
JUDGE, HAMILTON COUNTY MUNICIPAL COURT, APPELLEE.

(No. 75-257—Decided November 26, 1975.)

*Mr. Stephen W. Young,* for appellant.
*Mr. Douglass L. Custis,* for appellee.

*Per Curiam.* The question to be decided is whether relator states a cause of action in prohibition.

It is well-settled that:

"A court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction on issue raised, and a party challenging its jurisdiction has a remedy at law in appeal from an adverse holding of the court that it has such jurisdiction, and may not maintain a proceeding in prohibition to prevent the prosecution of such action." Paragraph three of the syllabus in *State, ex rel. Miller,* v. *Court of Common Pleas* (1949), 151 Ohio St. 397; *State, ex rel. Gonzales,* v. *Patton* (1975), 42 Ohio St. 2d 386, 388; and, as to jurisdiction of Municipal Courts, *State, ex rel. Indus. Comm.,* v. *Municipal Court* (1940), 137 Ohio St. 321, 322.

In the instant case, the Hamilton County Municipal Court determined the question of its jurisdiction prior to the institution of the prohibition proceedings in the Court of Appeals. The proper course of action for relator herein is an appeal from the decision of the Municipal Court. Relator contends, however, that this court's decisions in *State, ex rel. Safeco Ins. Co.,* v. *Kornowski* (1974), 40 Ohio St. 2d 20, and *State, ex rel. Adams,* v. *Gusweiler* (1972), 30 Ohio St. 2d 326, have altered the above rule with respect to a party first pursuing his remedy of appeal. Those cases are distinguishable.

In the *Gusweiler* case, this court, at page 329, determined that if the "inferior court is without jurisdiction *whatsoever* to act," the availability of a remedy of appeal

is immaterial to the issuance of a writ of prohibition to prevent the resulting injustice. (Emphasis added.) Similarly, in *Kornowski,* the writ was allowed because the critical language of App. R. 7(B) provided a *patent and unambiguous* restriction on the monetary jurisdiction of the Municipal Court involved.

The case, at bar, however, does not involve such a "total want of jurisdiction" (*Gusweiler*), or "patent and unambiguous" restriction (*Kornowski*), to warrant dispensing with relator's adequate remedy of appeal.[2] Furthermore, prohibition is not a substitute for appeal. *State, ex rel. Toerner,* v. *Common Pleas Court* (1971), 28 Ohio St. 2d 213.

The judgment of the Court of Appeals is affirmed for the reason that the complaint for a writ of prohibition does not state a cause of action.

*Judgment affirmed.*

O'Neill, C. J., Herbert, Corrigan, Stern, Celebrezze, W. Brown and P. Brown, JJ., concur.

---

[2] R. C. 1901.18(C), the relevant statute herein, gives a Municipal Court original jurisdiction to proceed:

"In any action at law based on contract, to determine, preserve, and enforce all rights, legal and equitable, involved therein, to decree an accounting, reformation or cancellation of the contract, and to hear and determine all legal and equitable remedies necessary or proper for a complete determination of the rights of the parties thereto."