THE STATE, EX REL. HEIMANN, APPELLANT, *v.* GEORGE, JUDGE, COURT OF COMMON PLEAS, APPELLEE.

[Cite as State, ex rel. Heimann, v. George (1976), 45 Ohio St. 2d 231.]

(No. 75-1153—Decided March 10, 1976.)

*Messrs. Boyd, Wyler & McKew, Mr. William S. Wyler* and *Mr. David J. Boyd,* for appellant.

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, *Mr. Robert W. Worth* and *Mr. James W. Harper,* for appellee.

*Per Curiam.* Relator states that the "complaint for writ of prohibition was filed in the Court of Appeals, because the Judge of the lower court made it clear that he intended to proceed with the divorce * * * [in] this matter * * *, even though there is still an appeal pending in the first case," and contends that there is "no adequate remedy at law to give redress to [*sic*] the injury which appellant would receive, if the divorce decree were granted."

However, this court has stated that "[t]he rule is firmly established that the Court of Common Pleas is a court of general jurisdiction and, as such, possesses the authority initially to determine its own jurisdiction over both the person and the subject matter in an action before it, subject to the right of appeal; and generally prohibition, an extraordinary remedy entertained with caution, will not lie to prevent an anticipated erroneous judgment. * * * [Citations omitted.]" *State, ex rel. Mansfield Telephone Co.,* v. *Mayer* (1966), 5 Ohio St. 2d 222, 223. Further, "prohibition is not a substitute for appeal." *State, ex rel. Gilla,* v. *Fellerhoff* (1975), 44 Ohio St. 2d 86, 88; *State, ex rel. Toerner,* v. *Common Pleas Court* (1971), 28 Ohio St. 2d 213.

Relator's contention as to the applicability of *State, ex rel. Adams,* v. *Gusweiler* (1972), 30 Ohio St. 2d 326, has no merit. The instant case clearly does not involve such a " 'total want of jurisdiction' (*Gusweiler*) * * * to warrant dispensing with relator's adequate remedy of appeal." *State, ex rel. Gilla,* v. *Fellerhoff, supra,* at page 88.

Relator challenges further the constitutionality of R. C. 3105.01(K), and thereby seeks to determine that issue in this prohibition action. However, "the unconstitutionality of a statute does not deprive a court of the initial jurisdiction to proceed to its terms. Appellant has other remedies in the ordinary course of the law and by way of appeal. * * *" *State, ex rel. Crebs,* v. *Court of Common Pleas* (1974), 38 Ohio St. 2d 51, 52.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.