THE STATE, EX REL. DAVIS, APPELLANT, *v.* CRUSH, JUDGE, HAMILTON COUNTY MUNICIPAL COURT, ET AL., APPELLEES.

[Cite as State, ex rel. Davis, v. Crush (1976), 46 Ohio St. 2d 360.]

(No. 76-3—Decided June 16, 1976.)

*Messrs. Boyd, Wyler & McKew* and *Mr. William S. Wyler*, for appellant.

*Mr. Thomas A. Luebbers*, city solicitor, *Mr. Paul J. Gorman* and *Mr. K. C. Collett*, for appellees.

*Per Curiam.* While the appellant raises two issues for this court's consideration, we are of the opinion that this cause can be, and has previously been, decided on the second proposition of law. Succinctly stated, appellant maintains that the Court of Appeals erred in dismissing her complaint for a writ of prohibition. The appellees based their motion for dismissal on the contention that a writ of prohibition is not the proper method to test the power of a Municipal Court to entertain jurisdiction over misdemeanor charges arising out of the same incident in which a felony indictment was previously disposed of in the Court of Common Pleas. In *State, ex rel. Susi,* v. *Flowers* (1975), 43 Ohio St. 2d 11, this court was presented with a similar situation. However, in that case, the misdemeanor charges in the Municipal Court were disposed of first. The appellants in *Susi, supra,* then sought a writ of prohibition against the judge of the Court of Common Pleas requesting that he be prevented from exercising further jurisdiction in the felony indictment. The appellants contended, as does the appellant in this case, that the remaining charge was barred by the double jeopardy clause of the Ohio and federal Constitutions. They relied upon *Ashe* v. *Swenson* (1970), 397 U. S. 436, and *Owens* v. *Campbell* (1971), 27 Ohio St. 2d 264, as does appellant herein.

This court, in *Susi,* in a *per curiam* opinion, stated, at page 13:

"Neither *Ashe* nor *Owens* supports the position taken by the appellants herein, for two reasons.

"First, the doctrine of collateral estoppel is not applicable to this case. Collateral estoppel provides that one who has been adjudged *not guilty* of a criminal charge may not be tried thereafter upon a separate charge arising out of the same event or occurrence. In the present case, the appellants were not acquitted in the initial trial, but convicted. [Emphasis added.]

"Second, neither the United States Supreme Court, nor this court, has determined the so-called same transaction test, enunciated by Justice Brennan in his concurring opin-

ion in *Ashe*, to be an essential Fifth Amendment guarantee. See Justice Harlan's concurring opinion, at page 448 of *Ashe, supra*; *State* v. *Ferguson* (1964), 175 Ohio St. 390, 394. We adhere to the mandate of the United States Supreme Court in this regard.''

In the instant matter the appellant entered a plea of guilty in the Court of Common Pleas of Hamilton County. It may be argued that she plead to a lesser-included offense, the same being a misdemeanor. We fail to see how that would distinguish this case from *Susi, supra*.

Finally, the assertion that the extraordinary writ of prohibition is the proper vehicle by which to test a ruling, on a motion to dismiss, of a Municipal Court in a matter of this nature is without any support. See *State, ex rel. Gilla,* v. *Fellerhoff* (1975), 44 Ohio St. 2d 86, and the series of cases cited therein.

This court, having conclusively determined that the appellant is not entitled to the relief prayed for via a writ of prohibition, affirms the judgment of dismissal entered by the Court of Appeals.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.