THE STATE, EX REL. ZAKANY, APPELLANT, *v.* AVELLONE, JUDGE, APPELLEE.

(No. 78-1006—Decided April 18, 1979.)

*Lichtman Legal Clinic Co., L. P. A.,* and *Mr. Robert M. Fertel,* for appellant.

*Mr. John E. Shoop,* prosecuting attorney, and *Mr. Charles E. Coulson,* for appellee.

*Per Curiam.* Relator argues that the trial court had no power to grant the alimony *pendente lite* because the request for such alimony was not in conformity with Civ. R. 75(M)(1) which requires that such request be contained "* * * in the complaint, answer, or counterclaim, or by motion served with the pleading * * *." The request in this case was contained in a counterclaim which was voluntarily dismissed, but the request for alimony was renewed by

motion. Relator further wishes to prevent respondent from punishing him for contempt of court, claiming that such action is an unauthorized usurpation of judicial power.

"This court has held on numerous occasions that a writ of prohibition will issue only when the following conditions have been satisfied: (1) the court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must amount to an unauthorized usurpation of judicial power; and (3) it must appear that the refusal of the writ would result in injury for which there is no adequate remedy. See, *e. g., State, ex rel. Northern Ohio Tel. Co., v. Winter* (1970), 23 Ohio St. 2d 6, 8; *State, ex rel. Gilligan, v. Hoddinott* (1973), 36 Ohio St. 2d 127, 130; *State, ex rel. Allied Chemical Corp., v. Earhart* (1974), 37 Ohio St. 2d 153, 155." *State, ex rel. D. P. & L. Co., v. Kistler* (1979), 57 Ohio St. 2d 21, 22.

The first prerequisite to issuance of the writ is met. However, there is no "unauthorized usurpation of judicial power" herein.

With respect to this issue, there is no assertion that the court lacked jurisdiction of the parties, and under R. C. 2305.01 and R. C. Chapter 3105 it has jurisdiction of the subject matter. "* * * [T]his court has stated that '[t]he rule is firmly established that the Court of Common Pleas is a court of general jurisdiction and, as such, possesses the authority initially to determine its own jurisdiction over both the person and the subject matter in an action before it, subject to the right of appeal; and generally prohibition, an extraordinary remedy entertained with caution, will not lie to prevent an anticipated erroneous judgment. * * * [Citations omitted.]' *State, ex rel. Mansfield Telephone Co., v. Mayer* (1966), 5 Ohio St. 2d 222, 223. Further, 'prohibition is not a substitute for appeal.' *State, ex rel. Gilla, v. Fellerhoff* (1975), 44 Ohio St. 2d 86, 88; *State, ex rel. Toerner, v. Common Pleas Court* (1971), 28 Ohio St. 2d 213." *State, ex rel. Heimann, v. George* (1976), 45 Ohio St. 2d 231, 232.

There having been no unauthorized usurpation of judi-

cial power, the judgment of the Court of Appeals denying the writ is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.