THE STATE EX REL. RUESSMAN *v.* FLANAGAN, JUDGE, ET AL.

[Cite as *State ex rel. Ruessman v. Flanagan*
(1992), 65 Ohio St.3d 464.]

(No. 92–1312—Submitted November 10, 1992—Decided December 11, 1992.)

*Robert G. Shultz, Jr.,* for relator.

*Stephanie Tubbs Jones,* Prosecuting Attorney, and *Carol Shockley,* Assistant Prosecuting Attorney, for respondents.

*Per Curiam.*   For a writ of prohibition to issue, a relator must establish (1) that the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of that power is unauthorized by law, and (3) that denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law.  *State ex rel. Tollis v. Court of Appeals for Cuyahoga Cty.* (1988), 40 Ohio St.3d 145, 147, 532 N.E.2d 727, 729.   There is no dispute that respondents are about to exercise judicial power.   Rather, relator contends that the exercise of that

power is unauthorized because respondents lack personal and subject-matter jurisdiction. Respondents claim that relator has an adequate remedy at law by raising the jurisdictional issues below and, if unsuccessful, by bringing an appeal.

Respondents' arguments are correct in stating general propositions of law. " '[T]he rule is firmly established that the Court of Common Pleas is a court of general jurisdiction and, as such, possesses the authority initially to determine its own jurisdiction over both the person and subject matter in an action before it * * *.' " *State ex rel. Heimann v. George* (1976), 45 Ohio St.2d 231, 232, 74 O.O.2d 376, 344 N.E.2d 130, 131; *State ex rel. Zakany v. Avellone* (1979), 58 Ohio St.2d 25, 26, 12 O.O.3d 14, 14–15, 387 N.E.2d 1373, 1374. " * * * [A] party challenging [a court's] jurisdiction has a remedy at law in appeal from an adverse holding of the court that it has such jurisdiction, and may not maintain a proceeding in prohibition to prevent the prosecution of such action." *State ex rel. Miller v. Lake Cty. Court of Common Pleas* (1949), 151 Ohio St. 397, 39 O.O. 232, 86 N.E.2d 464, paragraph three of the syllabus; *State ex rel Gilla v. Fellerhoff* (1975), 44 Ohio St.2d 86, 87, 73 O.O.2d 328, 329, 338 N.E.2d 522, 523; *State ex rel. Gonzales v. Patton* (1975), 42 Ohio St.2d 386, 388, 71 O.O.2d 371, 372, 329 N.E.2d 104, 106.

However, we have also recognized a corollary to these general propositions and have held that "[w]here there is a total want of jurisdiction on the part of a court, a writ of prohibition will be allowed * * *." *State ex rel Adams v. Gusweiler* (1972), 30 Ohio St.2d 326, 59 O.O.2d 387, 285 N.E.2d 22, paragraph two of the syllabus. We have applied this corollary only in instances where "there is a 'patent and unambiguous restriction' on the jurisdiction of the court which clearly places the dispute outside the court's jurisdiction (*State ex rel. Gilla v. Fellerhoff, supra* [44 Ohio St.2d], at page 88 [73 O.O.2d at 329, 338 N.E.2d at 523]) * * *." *State ex rel. Butler Cty. Bd. of Commrs. v. Butler Cty. Court of Common Pleas* (1978), 54 Ohio St.2d 354, 356, 8 O.O.3d 359, 360, 376 N.E.2d 1343, 1345. See, also, *State ex rel. Natalina Food Co. v. Ohio Civil Rights Comm.* (1990), 55 Ohio St.3d 98, 562 N.E.2d 1383; *State ex rel. The Ohio Company v. Maschari* (1990), 51 Ohio St.3d 18, 553 N.E.2d 1356; *State ex rel. Pearson v. Moore* (1990), 48 Ohio St.3d 37, 548 N.E.2d 945; *State ex rel. Aycock v. Mowrey* (1989), 45 Ohio St.3d 347, 544 N.E.2d 657; *State ex rel Smith v. Court of Common Pleas* (1982), 70 Ohio St.2d 213, 24 O.O.3d 320, 436 N.E.2d 1005.

Thus, the narrow issue presented is whether there is a patent and unambiguous restriction on the personal or subject-matter jurisdiction of the court of common pleas. Upon review of relator's complaint in this proceeding, we conclude that there could be a set of facts upon which relator could show such

a lack of personal jurisdiction. Cf. *O'Brien v. University Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753. Therefore, we deny respondents' motion to dismiss and consider this matter upon the opposing motions for summary judgment.

Relator assumes that the petition to adopt the foreign alimony decree was filed under R.C. 2329.021 through 2329.027, the Uniform Enforcement of Foreign Judgments Act ("UEFJA"), and contends that the court lacks subject matter jurisdiction because such decrees can only be enforced pursuant to R.C. 3115.01 through 3115.34, the Uniform Reciprocal Enforcement of Support Act ("URESA"). Relator's argument lacks merit. The petition was not filed under UEFJA, but was filed as an action to enforce a judgment under the court's general original jurisdiction. See *Saxton v. Seiberling* (1891), 48 Ohio St. 554, 558–559, 29 N.E. 179, 180; *Schucker v. Metcalf* (1986), 22 Ohio St.3d 33, 34, 22 OBR 27, 28, 488 N.E.2d 210, 212 (" 'The court of common pleas is a court of general jurisdiction. It embraces all matters at law and in equity that are not denied to it.' "). Neither URESA nor UEFJA deprives the court of this basic jurisdiction. R.C. 3115.02 (the remedies under URESA are "in addition to, not in substitution for, any other remedies"); R.C. 2329.026 (the UEFJA "do[es] not affect the right of a judgment creditor to bring an action to enforce a foreign judgment * * * "). Accordingly, we find no patent or unambiguous restriction on the trial court's subject-matter jurisdiction.

Relator also argues that the court is deprived of subject-matter jurisdiction because of several alleged defects in the petition filed below (*e.g.*, lack of a proper affidavit and proper authentication) and because the judgment sought to be enforced is not final. To the extent these alleged defects relate to the procedures for proving a foreign decree under the UEFJA, we find relator's arguments to be without merit. The remaining alleged defects, as well as relator's argument as to the finality of the judgment, go to whether the foreign decree should be given full faith and credit and are matters for initial determination by the court of common pleas under its original general jurisdiction.

Relator next contends that the court of common pleas lacks personal jurisdiction because he is not a resident of Cuyahoga County. This argument goes to venue and is not jurisdictional. Civ.R. 3(G). Relator's proper remedy, if he believes venue to be improper, is to file a motion to change venue under Civ.R. 12. Civ.R. 3(C). If that determination is adverse to relator, the remedy of appeal is available to him. Civ.R. 3(G).

Finally, relator contends that respondents lack personal jurisdiction because he has not been served with a copy of the petition below. In *State ex rel. Connor v. McGough* (1989), 46 Ohio St.3d 188, 546 N.E.2d 407, we granted a

writ of prohibition where the trial court in the underlying case had denied relator's motion to dismiss for lack of personal jurisdiction. We found that the Due Process Clause of the Fourteenth Amendment clearly prevented the trial court from assuming personal jurisdiction over a nonresident defendant who had no minimum contacts with this state. Such a patent lack of jurisdiction is not present in the case before us. Here, respondents assert that relator was duly served a copy of the petition, and relator has challenged service by filing a motion to quash, which is pending below. Accordingly, we find it appropriate for the trial court to consider the pending motion and that relator's appropriate remedy is through appeal. *State ex rel. Smith v. Avellone* (1987), 31 Ohio St.3d 6, 31 OBR 5, 508 N.E.2d 162.

We conclude that there is no patent or unambiguous restriction on the court of common pleas' jurisdiction, that it should make the intitial determinations on the jurisdictional issues presented, and that relator has an adequate remedy by way of appeal. Because the remedy of appeal is available to relator, he cannot satisfy the standards for granting a writ of prohibition. Therefore, we grant respondents' motion for summary judgment and deny the writ.

*Writ denied.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.