DECISION AND JUDGMENT ENTRY
Relator, J.H. Routh Packing Co., is the defendant in two lawsuits. The first suit was brought in federal court by the United States Equal Employment Opportunity Commission. The second was initiated by Jason Polak before respondents, Erie County Court of Common Pleas and its judge, Ann Maschari. Both suits arise from Polak's termination from relator's employment, allegedly because of his disability. See, State exrel. J.H. Routh Packing Co. v The Court of Common Pleas of Erie County,et al. (Aug. 30, 2001), Erie App. No. E-01-034, unreported. In the present action, relator seeks a writ prohibiting respondents from proceeding with the second lawsuit. Relator maintains that the federal lawsuit divests respondents of jurisdiction in the state proceeding.
For a writ of prohibition to issue, a relator must establish (1) that the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of that power is unauthorized by law, and (3) that denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law.Fraiberg v. Cuyahoga Co. Court of Common Pleas (1986), 76 Ohio St.3d 374.
While clearly respondents in this matter are about to exercise judicial power, whether such exercise is unauthorized by law or there is no adequate remedy at law is problematic.
 "`The rule is firmly established that the Court of Common Pleas is a court of general jurisdiction and, as such, possesses the authority initially to determine its own jurisdiction over both the person and subject matter in an action before it * * *.' State ex rel. Heimann v. George (1976) , 45 Ohio St.2d 231, 232, 74 O.O.2d 376, 344 N.E.2d 130, 131; State ex rel. Zakany v. Avellone (1979), 58 Ohio St.2d 25, 26, 12 O.O.3d 14, 14-15, 387 N.E.2d 1373, 1374. '* * * A party challenging [a court's] jurisdiction has a remedy at law in appeal from an adverse holding of the court that it has such jurisdiction, and may not maintain a proceeding in prohibition to prevent the prosecution of such action.' State ex rel. Miller v. Lake Cty. Ct. of Common Pleas (1949), 151 Ohio St. 397, 39 O.O. 232, 86 N.E.2d 464, paragraph three of the syllabus; State ex rel Gilla v. Fellerhoff (1975), 44 Ohio St.2d 86, 87, 73 O.O.2d 328, 338 N.E.2d 522, 523; State ex rel. Gonzales v. Patton (1975), 42 Ohio St.2d 386, 388, 71 O.O.2d 371, 372, 329 N.E.2d 104, 106." State ex rel. Ruessman v. Flanagan (1992), 65 Ohio St.3d 464, 466.
The only exception to the rule is, "where there is a total want of jurisdiction on the part of a court* * *." Id., quoting State ex relAdams v. Gusweiler (1972), 30 Ohio St.2d 326, paragraph two of the syllabus. However, the exception may be employed, only when "there is a `patent and unambiguous restriction' on the jurisdiction of the court which clearly places the dispute outside the court's jurisdiction." Id. quoting State ex rel. Gilla v. Fellerhoff, (1977), 44 Ohio St.2d 86, 88. See, also, State ex rel. Toma v. Corrigan (2001), 92 Ohio St.3d 589,591.
Despite ample opportunity to do so, appellant has directed us to no authority in support of its proposition that the existence of a federal case divests a state court of jurisdiction over subject matter which is within the general jurisdiction of the state court. Relator's argument that to defend both actions may be inconvenient, or may be expensive, or may result in one case becoming res judicata to the other does not equate to a "patent and unambiguous" jurisdiction restriction. Absent such a restriction, relator may not maintain the petition for prohibition.
Accordingly, respondent's motion to dismiss is well taken and is, hereby, granted. Court costs assessed to relator.
WRIT DISMISSED.
Peter M. Handwork, J., Melvin L. Resnick, J. CONCUR.