[Cite as *State ex rel. Verhovec v. Washington Cty. Court of Common Pleas,* 137 Ohio St.3d 120, 2013-Ohio-4518.]

THE STATE EX REL. VERHOVEC, APPELLANT, *v.* WASHINGTON COUNTY COURT
OF COMMON PLEAS ET AL., APPELLEES.

THE STATE EX REL. VERHOVEC, APPELLANT, *v.* WASHINGTON COUNTY COURT
OF COMMON PLEAS ET AL., APPELLEES.

[Cite as *State ex rel. Verhovec v. Washington Cty. Court of Common Pleas,*
137 Ohio St.3d 120, 2013-Ohio-4518.]

*Prohibition—Writ sought in two cases to prevent judge from ruling on motions for
sanctions—Adequate remedy in the ordinary course of law available—
Court of appeals' dismissals of complaints affirmed.*

(Nos. 2013-0163 and 2013-0164—Submitted July 9, 2013—Decided
October 15, 2013.)

APPEAL from the Court of Appeals for Washington County, No. 12CA43.

APPEAL from the Court of Appeals for Washington County, No. 12CA44.

————————————

**Per Curiam.**

{¶ 1}  These two appeals have similar facts and identical legal issues, and therefore we resolve them together in this opinion.  Each is an appeal from a judgment denying a writ of prohibition related to an underlying public-records mandamus case.  Appellants, Edward and Dorothy Verhovec (husband and wife), each filed a public-records mandamus action in the Washington County Court of Common Pleas, and in those cases, the court of common pleas considered whether to grant a motion for sanctions against them under R.C. 2323.51.  The Verhovecs each assert that the court lacked the jurisdiction to sanction a party in a mandamus case under R.C. 2323.51.  They each therefore filed an action in prohibition in the Fourth District Court of Appeals.  That court granted a motion to dismiss in each case, and the Verhovecs have each appealed to this court.  Because these claims

were resolved on motions to dismiss, we accept as true all the material allegations in the complaints for writs of prohibition.

{¶ 2} Because the trial court has subject-matter jurisdiction and the Verhovecs each have an adequate remedy by way of appeal, the Fourth District was correct in dismissing the prohibition actions, and we therefore affirm.

**Facts**

**Case No. 2013-0163**

{¶ 3} In April 2011, appellant Edward Verhovec made a public-records request of the city of Marietta by certified mail. When more than two months had passed and he had not received an acknowledgement or response from Marietta, he filed a public-records mandamus action under R.C. 149.43 and 2731.04. Soon thereafter, Marietta provided Edward with the requested records, and the trial court dismissed his action. Edward appealed, and the court of appeals remanded the case for consideration of Edward's motion for attorney fees.

{¶ 4} After the remand, Marietta moved the trial court for sanctions under R.C. 2323.51 and alleged that Edward had engaged in frivolous conduct by petitioning the trial court for a writ of mandamus. On September 10, 2012, the trial court held a hearing on the motion for sanctions and indicated that a ruling would be forthcoming.

{¶ 5} Edward filed the present claim in prohibition in the Fourth District Court of Appeals before the trial court ruled on the motion for sanctions. He seeks to prevent appellees, the trial court and Judge Susan Boyer, from issuing a ruling on the motion for sanctions. Marietta filed a motion to dismiss, and the Fourth District granted the motion. Edward appealed to this court.

**Case No. 2013-0164**

{¶ 6} In August 2010, appellant Dorothy Verhovec made a public-records request of Marietta. Dorothy did not believe that she had been given all the requested records, so in June 2011, she filed a public-records mandamus

2

action to compel Marietta to release the alleged additional records. Dorothy claimed to be entitled to both a writ of mandamus under R.C. 149.43 and a forfeiture under R.C. 149.351.

{¶ 7} In response, Marietta provided Dorothy with additional records and filed a motion for summary judgment, which the court granted.

{¶ 8} In August 2012, Marietta filed a motion seeking sanctions against Dorothy for frivolous conduct under R.C. 2323.51. On September 10, 2012, the trial court held a hearing on the motion for sanctions, but before it ruled, Dorothy filed the current case, a complaint for a writ of prohibition in the Fourth District.

{¶ 9} The prohibition action seeks to prevent the trial court and Judge Boyer from issuing a ruling on Marietta's motion for sanctions. Dorothy claims that the trial court lacks jurisdiction to consider a motion for sanctions in the context of a mandamus case, because the sanctions statute applies only to "civil actions" and a mandamus action is not a "civil action." The Fourth District, on motion by Marietta, dismissed the prohibition action, and Dorothy appealed to this court.

**Analysis**

{¶ 10} To be entitled to the requested writs of prohibition, Edward and Dorothy Verhovec must each establish that (1) Judge Boyer is about to or has exercised judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Bell v. Pfeiffer*, 131 Ohio St.3d 114, 2012-Ohio-54, 961 N.E.2d 181, ¶ 18; *State ex rel. Miller v. Warren Cty. Bd. of Elections*, 130 Ohio St.3d 24, 2011-Ohio-4623, 955 N.E.2d 379, ¶ 12.

{¶ 11} Judge Boyer is undoubtedly about to or has exercised judicial power in each case. The questions we must address are therefore whether she has jurisdiction to act and whether Edward and Dorothy Verhovec each have an

adequate remedy in the ordinary course of law if we deny the writs. The Verhovecs each claim that Boyer lacks jurisdiction to award attorney fees for frivolous behavior in the underlying case because R.C. 2323.51 applies only to "civil actions" and a mandamus action is not a civil action.

{¶ 12} This court has held that a mandamus case is a "civil action." *State ex rel. Spirko v. Judges of Court of Appeals, Third Appellate Dist.*, 27 Ohio St.3d 13, 15, 501 N.E.2d 625 (1986), citing *State ex rel. Wilson v. Preston*, 173 Ohio St. 203, 181 N.E.2d 31 (1962), paragraph one of the syllabus. Moreover, this court has upheld a judgment awarding sanctions under R.C. 2323.51 in a public-records mandamus case. *State ex rel. Striker v. Cline*, 130 Ohio St.3d 214, 2011-Ohio-5350, 957 N.E.2d 19. Thus, Judge Boyer has jurisdiction to award attorney fees under R.C. 2323.51.

{¶ 13} Even though the case law does not specifically indicate that R.C. 2323.51 is applicable to mandamus cases, where a court has general subject-matter jurisdiction, it has the power to determine its own jurisdiction in the first instance. "A court of common pleas is a court of general jurisdiction and possesses the authority to initially determine its own jurisdiction. Prohibition will not lie to prevent an anticipated erroneous judgment." *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 74, 701 N.E.2d 1002 (1998), citing *State ex rel. Heimann v. George*, 45 Ohio St.2d 231, 232, 344 N.E.2d 130 (1976).

{¶ 14} Thus, Judge Boyer has jurisdiction to determine her own jurisdiction. The Verhovecs should make the jurisdictional arguments regarding R.C. 2323.51 to Judge Boyer rather than to the court of appeals in a prohibition case.

{¶ 15} Finally, both Edward and Dorothy Verhovec have an alternative remedy at law. If after Judge Boyer issues an order in each case, the Verhovecs believe that she improperly applied the law, each can appeal. As stated above, "[p]rohibition will not lie to prevent an anticipated erroneous judgment." *Id*.

{¶ 16} Because the Verhovecs each have an adequate remedy in the ordinary course of law to challenge any erroneous ruling by Judge Boyer, the Fourth District Court of Appeals was correct to dismiss both actions for a writ of prohibition, and we affirm both dismissals.

Judgments affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

William E. Walker Jr., for appellants.

James E. Schneider, Washington County Prosecuting Attorney, and Alison L. Cauthorn, Assistant Prosecuting Attorney, for appellees.

_____