[Cite as *State ex rel. Allenbaugh v. Sezon*, 2022-Ohio-1718.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO ex rel.<br>MARK H. AND<br>JACQUELINE B. ALLENBAUGH,<br><br>Relators,<br><br>- v -<br><br>JUDGE MARIANNE SEZON, et al.,<br><br>Respondents. | CASE NO. 2022-A-0002<br><br>Original Action for Writ of Prohibition |

**P E R  C U R I A M**
**O P I N I O N**

Decided: May 23, 2022
Judgment: Petition dismissed

*Robert S. Wynn*, 7 Lawyers Row, P.O. Box 121, Jefferson, OH 44047 (For Relators).

*Colleen M. O'Toole*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Respondents).

PER CURIAM.

{¶1}  Respondents, Judge Marianne Sezon and April Daniels, Clerk of Courts, move to dismiss the amended complaint for writ of prohibition filed by relators, Mark H. and Jacqueline B. Allenbaugh.  We dismiss.

{¶2}  This original action stems from a civil lawsuit filed by Heather Rood against the Allenbaughs in the case of *Rood v. Allenbaugh*, Ashtabula C.P. No. 2020-CV-104, over which Judge Sezon presides.  The Allenbaughs' amended complaint for a writ of prohibition sets forth the following timeline of activities in the *Rood* case.

**{¶3}** Rood filed a complaint for forcible entry and detainer against the Allenbaughs, who then brought several counterclaims against Rood. On June 2, 2021, Judge Sezon granted Rood's motion for summary judgment, denied the Allenbaughs' motion for summary judgment, and ordered the Allenbaughs to vacate the premises. Thereafter, the Allenbaughs appealed in *Rood v. Allenbaugh*, 11th Dist. Ashtabula No. 2021-A-0014, and this court granted the Allenbaughs' motion to stay Judge Sezon's June 2, 2021 order. While the appeal was pending, Rood's counsel notified Judge Sezon that an agreement had been reached, at which point Judge Sezon ordered the parties to submit a final judgment entry. Rood and the Allenbaughs entered into a settlement agreement on July 28, 2021, which provided that Rood would seek a writ of restitution if the Allenbaughs failed to vacate the premises by December 31, 2021. On August 2, 2021, Judge Sezon issued an order dismissing the matter with prejudice but retaining jurisdiction to enforce the terms of the agreement. On August 6, 2021, the Allenbaughs filed a notice of voluntary dismissal of their appeal, which this court construed as a motion to dismiss the appeal. On August 16, 2021, this court issued an entry dismissing the appeal.

**{¶4}** After dismissal of the appeal, the Allenbaughs maintain that the parties filed the following in the trial court. On January 6, 2022, Rood filed a motion for the writ of restitution to be issued, and the Allenbaughs filed a motion to quash any writ of restitution and a motion to stay execution of a writ of restitution. On January 10, 2022, Rood filed a motion to enforce the settlement and directed a praecipe to the clerk of courts to issue a writ of restitution.

2

{¶5} In their amended complaint for a writ of prohibition, the Allenbaughs maintain that respondents are about to exercise judicial power to issue a writ of restitution and that respondents lack jurisdiction to so proceed because the trial court was divested of jurisdiction when the appeal was filed and did not regain jurisdiction over the case because the case was not remanded. Respondents move for dismissal of the petition based on their argument that Judge Sezon regained jurisdiction over the case once the appeal was dismissed on August 16, 2021.

{¶6} Dismissal of an original action is "appropriate if after presuming the truth of all material factual allegations of [relators'] petition and making all reasonable inferences in their favor, it appear[s] beyond doubt that they could prove no set of facts entitling them to the requested extraordinary relief[.]" (Citation omitted.) *State ex rel. Scott v. Cleveland*, 112 Ohio St.3d 324, 2006-Ohio-6573, 859 N.E.2d 923, ¶ 14. *See also State ex rel. City of Xenia v. Greene Cty. Bd. of Commrs.,* 2d Dist. Greene No. 2018CA0021, 2019-Ohio-4801, ¶ 15, quoting *State ex rel. Williams v. Trim*, 145 Ohio St.3d 204, 2015-Ohio-3372, 48 N.E.3d 501, ¶ 11 ("This court has the authority to sua sponte dismiss an original action claim 'when * * * the claimant obviously cannot prevail on the facts alleged in the complaint.'"); *State ex rel. Young v. Ducro*, 11th Dist. Ashtabula No. 2020-A-0009, 2020-Ohio-5471, 163 N.E.3d 1124, ¶ 27.

{¶7} For a writ of prohibition to issue, a relator must prove: "(1) a judicial officer is about to use judicial or quasi-judicial power; (2) the proposed use of power is unauthorized under the law; and (3) unless the writ is issued, the relator will suffer harm for which there is no other adequate remedy in the ordinary course of the law." *State ex rel. Grant v. Collins*, 11th Dist. Lake No. 2016-L-106, 2017-Ohio-1338, ¶ 6, citing *State*

3

*ex rel. Smith v. Hall*, 145 Ohio St.3d 473, 2016-Ohio-1052, 50 N.E.3d 524, ¶ 7. "The writ cannot be employed to prevent an erroneous judgment or to correct mistakes in a lower court proceeding." (Citation omitted.) *Grant* at ¶ 6.

{¶8} Here, the Allenbaughs have alleged that respondents are about to exercise jurisdiction in the underlying action by issuing a writ of restitution pursuant to the parties' settlement agreement. Therefore, the Allenbaughs' allegations sufficiently satisfy the first element of a prohibition claim.

{¶9} "'In regard to the second and third elements of such a claim, the Supreme Court of Ohio has indicated that if a trial court has general jurisdiction over the subject matter of a specific type of case, a prohibition action usually cannot be maintained to determine whether the exercise of jurisdiction in a particular instance is proper.'" *State ex rel. Leatherworks Partnership v. Stuard*, 11th Dist. Trumbull No. 2002-T-0017, 2002-Ohio-6477, ¶ 17, quoting *Willoughby-Eastlake City School Dist. v. Lake Cty. Court of Common Pleas*, 11th Dist. Lake No. 99-L-130, 2000 WL 522456, *2 (Apr. 21, 2000), citing *State ex rel. Enyart v. O'Neill*, 71 Ohio St.3d 655, 657, 646 N.E.2d 1110 (1995). "'This holding is predicated upon the fact that, even if the trial court is exceeding its power in performing a specific act, the relator has an adequate legal remedy because the decision to exercise jurisdiction can be fully reviewed in a direct appeal.'" *Leatherworks* at ¶ 17, quoting *Willoughby-Eastlake* at *2.

{¶10} "'However, the Supreme Court has also recognized an exception to this general rule.'" *Leatherworks* at ¶ 18, quoting *Willoughby-Eastlake* at *3. "'Pursuant to this exception, even if the trial court has general jurisdiction over the matter before it, its decision to exercise jurisdiction in a particular instance can be contested in a prohibition

4

action when the lack of jurisdiction is patent and unambiguous.'" *Leatherworks* at ¶ 18, quoting *Willoughby-Eastlake* at *3, citing *State ex rel. Tubbs Jones v. Suster*, 84 Ohio St.3d 70, 74, 701 N.E.2d 1002 (1998). "'Under such circumstances, a writ of prohibition will lie even when the trial court's decision is appealable; i.e., if the lack of jurisdiction is patent and unambiguous, the relator is no longer required to establish the lack of an adequate legal remedy.'" *Leatherworks* at ¶ 18, quoting *Willoughby-Eastlake* at *3, citing *State ex rel. Rogers v. McGee Brown*, 80 Ohio St.3d 408, 410, 686 N.E.2d 1126 (1997).

{¶11} Here, the Allenbaughs maintain that respondents patently and unambiguously lack jurisdiction to issue a writ of restitution because the trial court was divested of jurisdiction when the appeal was filed and never regained jurisdiction because the matter was not remanded.

{¶12} "'[O]nce an appeal is perfected, the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment.'" *State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas* (*"ECOT"*), 129 Ohio St.3d 30, 2011-Ohio-626, 950 N.E.2d 149, ¶ 13, quoting *State ex rel. Rock v. School Emp. Retirement Bd.*, 96 Ohio St.3d 206, 2002-Ohio-3957, 772 N.E.2d 1197, ¶ 8. However, it is "well-established that unless a stay of execution is obtained, the trial court retains jurisdiction to *enforce* its judgment" subsequent to the filing of a notice of appeal. (Emphasis sic.) *Lula Gentithes Tr. v. Patio Enclosures, Inc.*, 11th Dist. Trumbull No. 89-T-4286, 1990 WL 94283, *2, citing *State ex rel. Klein v. Chorpening*, 6 Ohio St.3d 3, 3450 N.E.2d 1161 (1983); R.C. 2505.09 ("Except as provided in section 2505.11 or 2505.12 or another section of the Revised Code or in applicable rules governing courts, an appeal does not operate as a stay of execution until

5

a stay of execution has been obtained pursuant to the Rules of Appellate Procedure or in another applicable manner, and a supersedeas bond is executed by the appellant to the appellee * * *.").  Accordingly, a trial court is not automatically divested of jurisdiction to issue a writ of restitution when a defendant appeals a judgment of forcible entry and detainer. *Lula Gentithes Tr.* at *2.  *See also Hussain v. Sheppard*, 10th Dist. Franklin No. 14AP-686, 2015-Ohio-657, ¶ 7, citing R.C.1923.14 and *Cherry v. Morgan*, 2d Dist. Clark No. 2012 CA 11, 2012-Ohio-3594, ¶ 5  ("The only method by which a defendant appealing a judgment of forcible entry and detainer may prevent the cause from becoming moot is by obtaining a stay of execution and posting a supersedeas bond.").  "A trial court, however, lacks jurisdiction to execute a judgment or contempt proceedings regarding the judgment if there is a stay of the judgment pending appeal."  *State ex rel. State Fire Marshal v. Curl*, 87 Ohio St.3d 568, 570, 722 N.E.2d 73 (2000), citing *In re Kessler*, 90 Ohio App.3d 231, 236, 628 N.E.2d 153 (6th Dist.1993) and *Oatey v. Oatey*, 83 Ohio App.3d 251, 257, 614 N.E.2d 1054 (8th Dist.1992).

{¶13}  The Allenbaughs appear to rely on the appeal of the underlying case alone in arguing that respondents "unequivocally lost jurisdiction of this matter including the ability to enforce the terms of the Agreement the parties thereafter entered into" and that the trial court did not regain jurisdiction absent a remand.  We disagree.  As set forth above, a trial court is not divested of all jurisdiction upon the filing of an appeal; it retains jurisdiction to enforce its orders absent a stay.  *See* R.C. 2505.09.  Although the Allenbaughs do not rely on any stay issued during appeal as supporting their position that the trial court lost all and never regained any jurisdiction, we note that the dismissal of the appeal would have terminated a stay pending appeal.  *See* App.R. 7 (governing stays

6

"pending" appeal). Accordingly, to the extent that the trial court may have lacked authority to enforce its orders during the appeal, it regained such authority with the dismissal of the appeal.

{¶14} Further, in their opposition to respondents' motion to dismiss, the Allenbaughs note that Judge Sezon "acted *while the appeal was pending* in this matter when she ostensibly dismissed the action at the trial level failing to wait for this Court to resolve the appeal." (Emphasis sic.) The Allenbaughs rely on *ECOT*, where the Supreme Court of Ohio found prohibition appropriate where the relator appealed the trial court's denial of its motion for leave to file an amended answer, and "the common pleas court acted *while the appeal was pending* by conducting a jury trial on the affected claims and entering judgment on the jury verdict; the court did not wait for the court of appeals to resolve the appeal before it proceeded." (Emphasis sic.) *ECOT*, 2011-Ohio-626, at ¶ 15. The Supreme Court held that "the common pleas court and judges patently and unambiguously lacked jurisdiction to proceed on all the claims against [the relator] that were affected by its appeal," and determined that the relator was "entitled to a writ of prohibition to prevent the common pleas court and judges from enforcing those portions of the judgment against it finding it liable for breach of implied contract and negligent misrepresentation and assessing damages on those claims and to a writ of mandamus to compel the court and judges to vacate those portions of the judgment." *Id.* at ¶ 18.

{¶15} However, unlike *ECOT*, the Allenbaughs do not request the dismissal entry be vacated for having been issued while the appeal was pending. Instead, they maintain that the trial court currently has no jurisdiction to enforce the settlement agreement. In support, the Allenbaughs rely on the decision of the Eighth District Court of Appeals in

7

*Stewart v. Zone Cab of Cleveland*, 8th Dist. Cuyahoga No. 79317, 2002 WL 127367 (Jan. 31, 2002). There, the Eighth District determined that the trial court had no jurisdiction to grant a motion for a new trial after an appeal of the verdict had been dismissed, holding that "[b]ecause defendants had perfected an appeal of a final and appealable order * * *, the voluntary dismissal of the appeal, absent an order remanding the matter, left the trial court without jurisdiction in this case." *Id.* at *3. In reaching this conclusion, the Eighth District relied on the Supreme Court of Ohio's decision in *Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc.*, 70 Ohio St.3d 141, 147, 637 N.E.2d 890 (1994). In *Howard*, the Supreme Court held that when a judgment has been appealed, the trial court regains jurisdiction to rule on a Civ.R. 60(B) motion "*only* through an order by the reviewing court remanding the matter for consideration of the Civ.R. 60(B) motion." (Emphasis added.) *Id.* at 147.

{¶16} However, as set forth above, the trial court has jurisdiction *to enforce* its orders absent a stay in a pending appeal, and neither *Stewart* nor *Howard* hold otherwise. Moreover, the Eighth District's reliance on *Howard* for the proposition that the trial court does not regain jurisdiction to rule on motions *to modify* the appealed judgment after an appeal is dismissed is questionable given that *Howard* did not involve this issue. Instead, *Howard* addressed the question of whether a trial court could modify its judgment while the appeal of that judgment *was pending*. *Id.* at 146. Further, subsequent to *Howard*, the Supreme Court held:

> An appeal from a judgment divests trial courts of jurisdiction to consider Civ.R. 60(B) motions for relief from judgment, and jurisdiction to consider such motions may be conferred on the trial court only through an order of the reviewing court. [*Howard* at 147]; *State ex rel. E. Mfg. Corp. v. Ohio Civ. Rights Comm.*, 63 Ohio St.3d 179, 181, 586 N.E.2d 105, 107

8

[(1992)].  The Court of Claims therefore lacked jurisdiction to render its September 28, 1994 entry vacating its previous dismissal judgment when the dismissal was being appealed. *Nevertheless, after the appeal was dismissed, the court had jurisdiction to rule on the Civ.R. 60(B) motion, which it did on October 28, 1994 by refiling its earlier vacation entry.*

(Emphasis added.)  *State ex rel. Newton v. Court of Claims*, 73 Ohio St.3d 553, 558, 653 N.E.2d 366 (1995).

{¶17}  Given the foregoing, there does not exist a patent and unambiguous lack of jurisdiction to enforce the settlement agreement.  The question of whether the settlement agreement, or the June 2, 2021 judgment should be enforced is a matter for the trial court to decide.  The Allenbaughs have an adequate remedy at law through appeal of the trial court's decision on the pending motions.

{¶18}   Therefore, the petition is dismissed.


THOMAS R. WRIGHT, P.J., MARY JANE TRAPP, J., JOHN J. EKLUND, J., concur.

9

Case No. 2022-A-0002