[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Allenbaugh v. Sezon*, Slip Opinion No. 2023-Ohio-1754.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-1754

THE STATE EX REL. ALLENBAUGH ET AL., APPELLANTS, *v.* SEZON, JUDGE, ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Allenbaugh v. Sezon*, Slip Opinion No. 2023-Ohio-1754.]**

*Prohibition—Common pleas courts' general subject-matter jurisdiction over civil actions includes jurisdiction to enforce judgments they have rendered— Appellants failed to demonstrate that common-pleas-court judge lacks jurisdiction to issue writ of restitution to enforce settlement agreement in underlying forcible-entry-and-detainer case—Court of appeals' dismissal of prohibition action affirmed.*

(No. 2022-1220—Submitted March 21, 2023—Decided May 30, 2023.)

APPEAL from the Court of Appeals for Ashtabula County, No. 2022-A-0002, 2022-Ohio-1718.

_____

**Per Curiam.**

{¶ 1} Appellants, Mark and Jacqueline Allenbaugh, appeal the Eleventh District Court of Appeals' dismissal of their action for a writ of prohibition against appellees, Ashtabula County Court of Common Pleas Judge Marianne Sezon and Clerk of Court April Daniels. The Allenbaughs also request oral argument. We deny the motion for oral argument and affirm the Eleventh District's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} Heather Rood filed a complaint for forcible entry and detainer against the Allenbaughs, who asserted several counterclaims against Rood. On June 2, 2021, Judge Sezon granted summary judgment in favor of Rood and ordered the Allenbaughs to vacate the premises at issue within 14 days. On the Allenbaughs' motion, the court of appeals stayed the judgment pending the Allenbaughs' appeal.

{¶ 3} While the appeal was pending, the parties reached a settlement agreement. Under the terms of the agreement, the Allenbaughs could remain on the premises rent-free until December 31, 2021, but Rood would be entitled to a writ of restitution and back rent if the Allenbaughs failed to vacate the premises by that date. Rood's counsel notified Judge Sezon of the settlement. The Allenbaughs then filed a notice of voluntary dismissal in the court of appeals, which construed the filing as a motion to dismiss the appeal and granted it. *See* App.R. 28. But *before* the court of appeals dismissed the appeal, Judge Sezon issued an order dismissing the trial-court action with prejudice—despite having already issued the judgment that was then on appeal—and retaining jurisdiction to enforce the parties' settlement agreement.

{¶ 4} The Allenbaughs apparently did not vacate the premises by December 31, 2021. On January 6, 2022, Rood filed a motion in the trial court for a writ of restitution. The Allenbaughs filed a "motion to quash any writ of restitution" and a motion for a stay. On January 10, Rood countered with a motion to enforce the parties' settlement agreement and a "praecipe to issue writ of restitution."

**{¶ 5}** Four days after Rood filed her motion for a writ of restitution in the trial court, the Allenbaughs filed a complaint for a writ of prohibition in the court of appeals. In an amended complaint they filed the next day, the Allenbaughs contended that their June 2021 appeal from the summary judgment issued in Rood's favor divested the trial court of jurisdiction to enforce the terms of a settlement agreement that the parties entered into while the matter was on appeal. The Allenbaughs requested a writ of prohibition ordering Judge Sezon and Daniels to deny Rood's January 10 filings or to take no further action on them.

**{¶ 6}** Judge Sezon and Daniels moved to dismiss the Allenbaughs' amended complaint. They argued that because the Allenbaughs' appeal was no longer pending in the court of appeals, the trial court had jurisdiction over the pending matters in *Rood v. Allenbaugh*. The Allenbaughs opposed dismissal and moved for judgment on the pleadings.

**{¶ 7}** The court of appeals granted the motion to dismiss and denied the Allenbaughs' motion as moot. The court found that there was no stay of execution in place that would have prevented the trial court from enforcing the judgment for Rood in the underlying case. 2022-Ohio-1718, ¶ 13. And, the court of appeals reasoned, even assuming that the trial court lacked authority to enforce orders while the Allenbaughs' appeal was pending, "it regained such authority with the dismissal of the appeal." *Id.* Moreover, the court of appeals noted that "[t]he question of whether the settlement agreement, or the June 2, 2021 judgment should be enforced is a matter for the trial court to decide," and it added that the Allenbaughs had an adequate remedy in the ordinary course of the law by way of appeal to raise any error related to that question. *Id.* at ¶ 17.

**{¶ 8}** The Allenbaughs appealed to this court as of right. *See* 168 Ohio St.3d 1402, 2022-Ohio-3532, 195 N.E.3d 1039.

**MOTION FOR ORAL ARGUMENT**

**{¶ 9}** The Allenbaughs filed a motion for oral argument in this case. Oral argument in a direct appeal is discretionary. S.Ct.Prac.R. 17.02(A). In exercising that discretion, we consider whether the case involves a matter of great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict among courts of appeals. *State ex rel. Sponaugle v. Hein*, 153 Ohio St.3d 560, 2018-Ohio-3155, 108 N.E.3d 1089, ¶ 31.

**{¶ 10}** We deny the motion for oral argument. The Allenbaughs posit that this case involves "complex issues of law and fact" related to "the enforceability of settlement agreements executed during the pendency of appeals." But that is not so. As explained below, the more pertinent question involved in this case is whether the trial court patently and unambiguously lacks jurisdiction to enforce a final judgment. Oral argument is not needed to inform our resolution of that issue.

**ANALYSIS**

**{¶ 11}** A writ of prohibition is an extraordinary writ that a court does not grant routinely or easily. *State ex rel. Novak, L.L.P. v. Ambrose*, 156 Ohio St.3d 425, 2019-Ohio-1329, 128 N.E.3d 209, ¶ 9. To be entitled to the requested writ of prohibition, the Allenbaughs must show that (1) respondents are about to exercise or have exercised judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary course of the law. *Id.* This court reviews the court of appeals' dismissal of the Allenbaughs' action de novo, presuming the truth of all factual allegations and drawing all reasonable inferences in their favor. *State ex rel. Brown v. Nusbaum*, 152 Ohio St.3d 284, 2017-Ohio-9141, 95 N.E.3d 365, ¶ 10.

**{¶ 12}** Taking the second named respondent first, the Allenbaughs do not explain how Daniels is exercising *judicial* power in the underlying case. Absent the exercise or potential exercise of judicial power, a writ of prohibition will not

4

lie. We therefore affirm the court of appeals' dismissal of the amended complaint as to Daniels on this basis alone. *See State ex rel. Martin v. Buchanan*, 152 Ohio St.3d 68, 2017-Ohio-9163, 92 N.E.3d 869, ¶ 6 (prohibition did not lie against a clerk of court, because she was not exercising judicial power).

{¶ 13} As for Judge Sezon, it is not disputed that she was about to exercise judicial power over the postjudgment proceedings in the underlying case. The dispute is about whether Judge Sezon has subject-matter jurisdiction to grant the relief Rood seeks. Specifically, the Allenbaughs argue that Judge Sezon patently and unambiguously lacks jurisdiction to enforce the settlement agreement between them and Rood.

{¶ 14} The common pleas courts' general subject-matter jurisdiction over civil actions includes the jurisdiction to enforce judgments they have rendered. *See State ex rel. Klein v. Chorpening*, 6 Ohio St.3d 3, 4, 450 N.E.2d 1161 (1983); *see also* R.C. 1923.01 (jurisdiction of common pleas courts over forcible entry and detainer) and 1923.13 (jurisdiction to issue writ of execution upon judgment of restitution). Generally speaking, "a court will deny relief in prohibition when a respondent judge has general subject-matter jurisdiction and will deem any error by the judge to be an error in the exercise of jurisdiction." *Sponaugle*, 153 Ohio St.3d 560, 2018-Ohio-3155, 108 N.E.3d 1089, at ¶ 24.

{¶ 15} The Allenbaughs' jurisdictional argument focuses on the timing of the settlement agreement they entered into with Rood in relation to the order Judge Sezon entered after she was informed of the parties' settlement. Judge Sezon issued an order dismissing the underlying case with prejudice (despite having already entered summary judgment in Rood's favor) and retaining jurisdiction to enforce the settlement agreement. But according to the Allenbaughs, a critical fact is that Judge Sezon entered this order while the Allenbaughs' appeal was still pending in the court of appeals.

{¶ 16} It is well settled that " 'once an appeal is perfected, the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment.' " *State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 129 Ohio St.3d 30, 2011-Ohio-626, 950 N.E.2d 149, ¶ 13, quoting *State ex rel. Rock v. School Emps. Retirement Bd.*, 96 Ohio St.3d 206, 2002-Ohio-3957, 772 N.E.2d 1197, ¶ 8. The Allenbaughs argue that Judge Sezon lost jurisdiction over the underlying case when they appealed the judgment in Rood's favor to the court of appeals. Thus, they contend, Judge Sezon patently and unambiguously lost jurisdiction to enter the subsequent order dismissing the case with prejudice and retaining jurisdiction to enforce the settlement agreement. And because Judge Sezon lacked jurisdiction to enter the order retaining jurisdiction to enforce the settlement agreement, the Allenbaughs argue, the order is void, rendering her without jurisdiction to issue a writ of restitution in enforcement of the settlement agreement.

{¶ 17} The flaw in the Allenbaughs' argument is that they overlook the significance of the summary judgment entered in Rood's favor on June 2, 2021. This was a final judgment in the forcible-entry-and-detainer action, and it ordered the Allenbaughs to vacate the premises at issue within 14 days. Even if the Allenbaughs are correct that Judge Sezon lacked jurisdiction to enter her later order dismissing the action and retaining jurisdiction to enforce the parties' settlement agreement, that would not entitle them to a writ of prohibition. Judge Sezon has jurisdiction to enforce the June 2, 2021 final judgment by granting a writ of restitution; she regained this jurisdiction after the court of appeals dismissed the Allenbaughs' appeal from the entry of summary judgment, which terminated the stay previously granted. *See* 2022-Ohio-1718 at ¶ 13 (noting that the dismissal of the Allenbaughs' appeal terminated the stay pending appeal); *Klein*, 6 Ohio St.3d at 4, 450 N.E.2d 1161 (absent a stay, "the trial court retains jurisdiction over its judgments as well as proceedings in aid of the same"); *see also* R.C. 1923.13 (a

trial court shall issue a writ of execution when a judgment of restitution is entered in a forcible-entry-and-detainer action). Thus, the Allenbaughs have not demonstrated that Judge Sezon lacks jurisdiction to issue a writ of restitution in the case.

{¶ 18} Even if the Allenbaughs had presented a colorable argument that Judge Sezon lacked jurisdiction to enter the order retaining jurisdiction to enforce the settlement agreement, a writ of prohibition would not follow. The possibility that Judge Sezon will enforce the settlement agreement pursuant to a void order does not mean that she patently and unambiguously lacks jurisdiction over the matter before her. A court of common pleas " 'possesses the authority initially to determine its own jurisdiction,' " and a writ of prohibition generally " 'will not lie to prevent an anticipated erroneous judgment.' " *State ex rel. Heimann v. George*, 45 Ohio St.2d 231, 232, 344 N.E.2d 130 (1976), quoting *State ex rel. Mansfield Tel. Co. v. Mayer*, 5 Ohio St.2d 222, 223, 215 N.E.2d 375 (1966). The Allenbaughs are not entitled to a writ of prohibition to prevent the *anticipated* enforcement of the settlement agreement, because Judge Sezon does not patently and unambiguously lack jurisdiction over the matter before her: she has the authority to enforce the final judgment entered *before* the allegedly void order was issued. If Judge Sezon exceeds her jurisdiction, then the Allenbaughs have an adequate remedy by way of appeal to challenge any erroneous ruling. *See State ex rel. Verhovec v. Washington Cty. Court of Common Pleas*, 137 Ohio St.3d 120, 2013-Ohio-4518, 998 N.E.2d 434, ¶ 15.

## CONCLUSION

{¶ 19} The Allenbaughs failed to state a claim upon which a writ of prohibition could be granted. Judge Sezon did not patently and unambiguously lack jurisdiction over the postjudgment proceedings before her. We deny the motion for oral argument and affirm the judgment of the court of appeals.

Judgment affirmed.

KENNEDY, C.J., and FISCHER, DeWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

––––––––––––––––––

Robert S. Wynn, for appellants.

Colleen M. O'Toole, Ashtabula County Prosecuting Attorney, and Laura Pizmoht, Assistant Prosecuting Attorney, for appellees.

––––––––––––––––––