[Cite as *State ex rel. Toledo Hosp. v. Olender*, 2026-Ohio-1631.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State ex rel. The Toledo Hospital          Court of Appeals No.L-25-00294

     Relator

v.

The Honorable Lori Olender          **<u>DECISION AND JUDGMENT</u>**

     Respondent          Decided:  May 5, 2026

* * * * *

**SULEK, J.**

{¶ 1} This matter is before the court on the motions of relator Hon. Lori Olender and intervenor The Estate of Yvonne Diller ("Estate") to dismiss respondent The Toledo Hospital's complaint for a writ of prohibition.  For the reasons that follow, Judge Olender's motion to dismiss is granted, the Estate's motion to dismiss is denied as moot, and the complaint for a writ of prohibition is dismissed.

## I. Factual Background and Procedural History

{¶ 2} Toledo Hospital is a defendant in a civil case before Judge Olender, which was brought by the Estate for allegedly negligent medical treatment that caused Diller's death.

{¶ 3} On May 11, 2023, Diller presented to Toledo Hospital with complaints of toe pain. She was treated by Dr. Jacob Goliver, who consulted with Sohaib Lateef, M.D., an employee of the University of Toledo Medical Center. Diller later suffered a severe stroke, which resulted in her death on July 11, 2023.

{¶ 4} The Estate filed its wrongful death action in case No. CI-2024-01572 against Toledo Hospital. It alleged that Diller's death was proximately caused by Dr. Lateef's medical negligence and that Toledo Hospital was vicariously liable for Dr. Lateef's actions on the basis of agency-by-estoppel.

{¶ 5} On July 30, 2024, the trial court granted a stay of the wrongful death action pending a determination by the court of claims whether Lateef was entitled to immunity as a state employee under R.C. 9.86. On October 18, 2024, the court of claims determined that he was immune. It held that "Ohio courts of common pleas do not have jurisdiction over civil actions against Dr. Lateef arising out of his care and treatment of Yvonne Diller on May 11, 2023, at ProMedica Health System in Toledo, Ohio." *Diller v. University of Toledo College of Medicine and Life Sciences*, Ct. of Cl. No. 2024-00355JD.

2.

{¶ 6} Following the determination of Dr. Lateef's immunity, the Estate voluntarily dismissed its complaint. On March 10, 2025, it refiled its complaint in case No. CI-2025-00836. The case was assigned to Judge Olender.

{¶ 7} Toledo Hospital moved to dismiss the complaint, arguing that the trial court lacked subject-matter jurisdiction. It alleged that the Estate could not pursue a vicarious liability claim against it for the negligence of Dr. Lateef because he was solely employed by the State and any claims must, therefore, be made through the court of claims. The trial court denied Toledo Hospital's motion to dismiss on October 24, 2025.

{¶ 8} On December 5, 2025, Toledo Hospital filed in this court the current complaint for a writ of prohibition. The complaint seeks an order of this court prohibiting Judge Olender from exercising judicial power over the underlying claim in case No. CI-2025-00836. Subsequently, the Estate moved to intervene. On February 25, 2026, this court granted the Estate's motion to intervene and issued an alternative writ ordering Judge Olender either to do the act requested by Toledo Hospital or show cause why she is not required to do so by filing an answer or a motion to dismiss.

{¶ 9} Judge Olender filed her motion to dismiss on March 11, 2026. In it, she argues, inter alia, that R.C. 2305.01 grants the court of common pleas general subject-matter jurisdiction over civil actions. She notes that R.C. 2743.02 does provide the court of claims with exclusive subject-matter jurisdiction in certain circumstances, but "only in civil actions brought against employees and officers of the State of Ohio--not to a private entity such as [Toledo Hospital]." She maintains, therefore, that Toledo Hospital cannot

3.

demonstrate a "patent and unambiguous" lack of subject-matter jurisdiction. The Estate, as intervenor, makes similar arguments in its own motion to dismiss.

{¶ 10} In response, Toledo Hospital argues that under R.C. 2743.02 the court of claims "has exclusive jurisdiction over all claims arising out of Dr. Lateef's alleged negligence." It asserts that because the Estate's claim against it arises solely out of the alleged negligence of Dr. Lateef, the claim "is purely derivative and cannot be maintained independently of a claim against Dr. Lateef, a state-employed physician that the Court of Claims has held is immune from suit." It cites *Comer v. Risko*, 2005-Ohio-4559, *Fisher v. Van Loveren*, 2008-Ohio-4115 (1st Dist.), and *Schoewe v. Kosinski*, Lucas C.P. No. CI 2010-06207, 2012 WL 4843144 (Feb. 8, 2012), as examples where courts have held that private hospitals could not be held liable for the alleged negligence of state-employed physicians under the theory of agency-by-estoppel.

{¶ 11} Briefing having been completed by the parties, the matter is now decisional.

## II. Analysis

{¶ 12} "A Civ.R. 12(B)(6) motion to dismiss is procedural and tests the sufficiency of the complaint." *Fisher v. Smith & Lehrer Co., L.P.A.*, 2024-Ohio-1177, ¶ 11 (6th Dist.), quoting *NZR Retail of Toledo, Inc. v. Beck Suppliers, Inc.*, 2016-Ohio-3205, ¶ 12 (6th Dist.). "To dismiss a complaint under Civ.R. 12(B)(6), 'it must appear beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to the relief sought.'" *Id.*, quoting *Ohio Bur. of Workers' Comp. v. McKinley*, 2011-Ohio-4432, ¶ 12. "In considering the motion, the court must accept as

4.

true all factual allegations in the complaint and construe any reasonable inferences in favor of the non-moving party." *Id.*, citing *Alford v. Collins-McGregor Operating Co.*, 2018-Ohio-8, ¶ 10.

{¶ 13} "A writ of prohibition is an extraordinary writ that a court does not grant routinely or easily." *State ex rel. Allenbaugh v. Sezon*, 2023-Ohio-1754, ¶ 11. To be entitled to a writ of prohibition, Toledo Hospital must demonstrate that: (1) Judge Olender is about to exercise or has exercised judicial power; (2) the exercise of that power is unauthorized by law; and (3) denying the writ would result in injury for which no other adequate remedy exists in the ordinary court of the law. *Id.*

{¶ 14} Here, Toledo Hospital cannot satisfy all the elements for a writ of prohibition because it has an adequate remedy at law by way of an appeal following final judgment in the common pleas court. The sole issue then is whether the no-adequate-remedy requirement is dispensed with because the common pleas court "patently and unambiguously lacks subject-matter jurisdiction over a cause of action." *Schlegel v. Sweeney*, 2022-Ohio-3841, ¶ 6.

{¶ 15} "'[W]hen a court has the constitutional or statutory power to adjudicate a particular class or type of case, that court has subject-matter jurisdiction.'" *Id.* at ¶ 12, quoting *Ostanek v. Ostanek*, 2021-Ohio-2319, ¶ 36. "Common pleas courts 'have such original jurisdiction over all justiciable matters… as may be provided by law." *Id.*, quoting Ohio Constitution, Article IV, Section 4(B). "Provided by law" is understood "to mean that the general subject matter jurisdiction of the common pleas court 'is defined

5.

entirely by statute.'" *State ex rel. Gray v. Kimbler*, 2022-Ohio-3937, ¶ 13, quoting *State v. Wilson*, 73 Ohio St.3d 40, 42 (1995).

{¶ 16} R.C. 2305.01 broadly grants common pleas courts general subject-matter jurisdiction over "all civil cases in which the sum or matter in dispute exceeds the exclusive original jurisdiction of county courts." Thus, "when a court of common pleas patently and unambiguously lacks jurisdiction to hear a case, 'it is almost always because a statute explicitly removed that jurisdiction.'" *Kimbler* at ¶ 15, quoting *Ohio High School Athletic Assn. v. Ruehlman*, 2019-Ohio-2845, ¶ 9. "A statutory grant of exclusive jurisdiction over a specific type of case to another court, office, or agency divests the common pleas court of jurisdiction over that type of case." *Id.*

{¶ 17} The statute at issue in this case, R.C. 2743.02, divests the common pleas court of jurisdiction over claims against the State; it does not divest the common pleas court of jurisdiction over claims against Toledo Hospital. *See* R.C. 2743.02(A)(1) ("The state hereby waives its immunity from liability . . . and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter . . ..").

{¶ 18} Notwithstanding this, Toledo Hospital points to R.C. 2743.02(A)(2), but that section provides it with no relief. R.C. 2743.02(A)(2) states,

> If a claimant proves in the court of claims that an officer or employee, as defined in section 109.36 of the Revised Code, would have personal liability for the officer's or employee's acts or omissions but for the fact that the officer or employee has personal immunity under section 9.86 of the Revised Code, the state shall be held liable in the court of

6.

claims in any action that is timely filed pursuant to section 2743.16 of the
Revised Code and that is based upon the acts or omissions.

R.C. 2743.02(A)(2) thus establishes that the State is liable for the acts or omissions of its

officers and employees, and those cases must be brought in the court of claims. Again,

though, the exclusive jurisdiction of the court of claims only applies to the State. It does

not apply to private entities such as Toledo Hospital.

{¶ 19} Toledo Hospital also cites R.C. 2743.02(F), which provides, in relevant

part,

A civil action against an officer or employee, as defined in section
109.36 of the Revised Code, that alleges that the officer's or employee's
conduct was manifestly outside the scope of the officer's or employee's
employment or official responsibilities, or that the officer or employee
acted with malicious purpose, in bad faith, or in a wanton or reckless
manner shall first be filed against the state in the court of claims that has
exclusive, original jurisdiction to determine, initially, whether the officer or
employee is entitled to personal immunity under section 9.86 of the
Revised Code and whether the courts of common pleas have jurisdiction
over the civil action.

This section applies to civil actions against an "officer or employee." Toledo Hospital is

neither. R.C. 2743.02(F), therefore, does not divest the common pleas court of

jurisdiction over the claim against Toledo Hospital.

{¶ 20} In opposing dismissal of its petition for a writ of prohibition, Toledo

Hospital argues that it cannot be held liable because Dr. Lateef was a state employee and

he had no employment relationship with the hospital. This, however, is a question of

liability that is separate and distinct from the threshold question of whether the common

pleas court has subject-matter jurisdiction over the claim. Because nothing in R.C.

2743.02 divests the common pleas court of the jurisdiction provided in R.C. 2305.01, it

7.

does.  The merits of the Estate's underlying agency-by-estoppel claim and the applicability of, inter alia, *Comer v. Risko*, 2005-Ohio-4559, *Clawson v. Heights Chiropractic Physicians, LLC*, 2022-Ohio-4154, *Fisher v. Van Loveren*, 2008-Ohio-4115 (1st Dist.), and *Schoewe v. Kosinski*, Lucas C.P. No. CI 2010-06207, 2012 WL 4843144 (Feb. 8, 2012), should be addressed in the first instance in the common pleas court.

{¶ 21} Accordingly, R.C. 2743.02 does not divest the common pleas court of jurisdiction over the claim against Toledo Hospital.  Consequently, because Judge Olender does not patently and unambiguously lack jurisdiction, and because Toledo Hospital has an adequate remedy by way of appeal, Toledo Hospital cannot establish entitlement to a writ of prohibition, and its petition must be dismissed.

### III. Conclusion

{¶ 22} For the foregoing reasons, Judge Olender's motion to dismiss is found well-taken and is hereby granted.  Toledo Hospital's complaint for a writ of prohibition is dismissed with prejudice.  The Estate's motion to dismiss is denied as moot.  Costs of this action are assessed to Toledo Hospital.

{¶ 23} The clerk of court is directed to serve upon all parties, within three days, a copy of this decision in a manner prescribed by Civ.R. 5(B).

It is so ordered.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

8.

Thomas J. Osowik, P.J.
_____
JUDGE

Gene A. Zmuda, J.
_____
JUDGE

Charles E. Sulek, J.
CONCUR.
_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.